### PEOPLE *v.* TOBIN.

1. RAPE—CRIMINAL LAW—EVIDENCE—RES GESTÆ.

  A statement made by the prosecutrix on Saturday morning as to the details of an alleged statutory rape committed on her on the previous Wednesday evening was too remote to become part of the *res gestæ.*[1]

2. SAME—EVIDENCE—DETAILS OF ALLEGED OFFENSE AS STATED TO WITNESS NOT ADMISSIBLE.

  In a prosecution for statutory rape, the fact that the prosecutrix complained to her employer of defendant's conduct on the occasion of the commission of the alleged offense is admissible in evidence but not the details of the conversation.[2]

3. CRIMINAL LAW—STATUTORY RAPE.

  It was reversible error for the trial court to permit a witness to testify to the details of the conversation in which the prosecutrix complained to her about the commission of an alleged offense of statutory rape.[3]

Error to Calhoun; North (Walter H.), J. Submitted January 15, 1925. (Docket No. 118.) Decided April 3, 1925.

Nelson Tobin was convicted of statutory rape, and sentenced to imprisonment for not less than 5 nor more than 15 years in the State Prison at Jackson. Reversed.

*Howard W. Cavanagh,* for appellant.

*Clyde C. Cortright,* Prosecuting Attorney, and *Andrew W. Lockton,* Assistant Prosecuting Attorney, for the people.

BIRD, J. On an information charging rape, and an

---

[1]Rape, 33 Cyc. p. 1466; [2]Id., 33 Cyc. p. 1464; [3]Criminal Law, 17 C. J. § 3662.

assault with intent to commit the crime of rape on a young girl under 16 years of age, defendant was tried and convicted. The testimony discloses that the girl was upwards of 14 years of age, and was employed as a domestic in the family of Dr. Baribeau, of Battle Creek. On the evening of November 29, 1922, the doctor and his wife were attending a social function, and the prosecutrix remained at home with the children. The prosecutrix claims, in substance, that about 11 o'clock in the evening the defendant came to the house and inquired for the doctor, and was admitted. An effort was made to reach the doctor by telephone, but it failed. Subsequently the prosecutrix and defendant went to the kitchen where defendant found some alcohol, and after diluting it drank it. He then kissed and made love to her, and finally got her on the couch in the breakfast room and accomplished his purpose.

Serious complaint is made because Mrs. Baribeau was not only permitted to state that the prosecutrix complained to her on the following Saturday morning of defendant's treatment of her, but was permitted to give the details of the complaint. Counsel insist that while it may have been competent to show that the prosecutrix made complaint of her treatment, it was not competent to give the details of the complaint. We are impressed that counsel's contention of the rule is the correct one. The observations of Greenleaf as to this rule are:

"Though the prosecutrix may be asked whether she made complaint of the injury and when and to whom, and the person to whom she complained is usually called to prove that fact; yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct-examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her and to receive only a

simple yes or no. Indeed, the complaint constitutes no part of the *res gestæ;* it is only a fact corroborative of the testimony of the complainant; and, where she is not a witness in the case, it is wholly inadmissible." 3 Greenleaf on Evidence (16th Ed.), § 213.

This court appears to have followed this rule in several cases. In *People* v. *Marrs,* 125 Mich. 376, Mr. Justice GRANT restated the rule, as follows:

"The witnesses were allowed to detail the statements made by the prosecutrix to them in regard to the commission of the offense. It is the well-established rule that the people may show when, where, and to whom the prosecutrix made complaint. The details of her statement are not admissible, except as they are brought out on cross-examination. Underhill's Criminal Evidence, § 409, and authorities there cited. If the statements are so intimately connected with the time and place of the crime as to be a part of the *res gestæ,* they are then admissible. The only other exception to the rule is in the case where the victim is a girl of tender years. * * * It was, therefore, error to permit her father, mother and sister to state the circumstances of the commission of the crime as detailed to them by her."

This rule has been approved in *People* v. *Hicks,* 98 Mich. 86; *People* v. *White,* 194 Mich. 172; *People* v. *Ayres,* 195 Mich. 274. See, also, 33 Cyc. p. 1463.

The occurrence in question took place on Wednesday evening, and no complaint was made by prosecutrix until Saturday morning. It is evident from this that the complaint was not made soon enough after the event to become a part of the *res gestæ. Lambert* v. *People,* 29 Mich. 71. Mrs. Baribeau testified to all the details which the prosecutrix had related to her concerning the attack. If this testimony were admissible it was on the theory that her statements tended to corroborate the testimony of the prosecutrix. Upon this theory the fact that she complained of defendant's conduct to Mrs. Baribeau was admissible

(*People* v. *White, supra*), but the details of the conversation were not admissible.

We have examined the other assignments of error, but find nothing which demands our consideration.

By reason of the admission of the testimony of Mrs. Baribeau as to the details of the prosecutrix's statement the judgment of conviction will be reversed and a new trial granted.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.