## PEOPLE v. BAKER.

1. RAPE—CRIMINAL LAW—EVIDENCE—STATEMENT OF VICTIM—GENERAL RULE—EXCEPTIONS.

In prosecution for rape, the general rule in this State is that the fact of complaint by the victim may be shown in corroboration of her claim, but that details of complaint may not be shown; but exception to said rule is where whole of statement is admissible as part of *res gestæ*, and also where victim is of tender years.

2. SAME—DELAY EXCUSABLE WHERE VICTIM OF TENDER YEARS.

In prosecution for rape, where victim is of tender years, testimony of details of her complaint may be introduced in corroboration of her evidence if her statement is shown to have been spontaneous and without indication of manufacture; and delay in making complaint is excusable so far as it is caused by fear or other equally effective circumstance.

3. SAME—DELAY OF YOUNG DAUGHTER IN TELLING OF ASSAULT BY FATHER EXCUSABLE.

In prosecution of father for rape and taking indecent liberties with his 7-year old daughter, testimony of details of her complaint to housekeeper was admissible in evidence, although complaint was not made until several hours after assault occurred, since father's admonition to her not to tell would be as effective to promote delay as threats by a stranger.

4. SAME—REPETITIONS OF COMPLAINT INADMISSIBLE.

In prosecution of father for rape and taking indecent liberties with his 7-year old daughter, details of her complaint repeated to neighbor the next day, not being original complaint, was not admissible.

5. CRIMINAL LAW—RAPE—EVIDENCE—HARMLESS ERROR.

In prosecution of father for rape and taking indecent liberties with his 7-year old daughter, error in admitting details of her complaint repeated to neighbor the next day was not reversible, where it was substantially same as defendant's admission to officers.

6. SAME—ADMISSIONS—CONFESSION ADMISSIBLE.

Defendant's confession, which officer testified was made voluntarily and without inducement, threat, or intimidation of any kind, and with warning that it would be used against him, but which defendant testified was made through fear of beating by officers, was admissible under proper instructions as to its use and effect.

7. SAME—SECRET FEAR HAS BEARING ON CONFESSION.

Secret fear, although not caused by acts of officers and although not rendering confession inadmissible in evidence, may have bearing upon its truth.

8. SAME—EVIDENCE—CONFESSION—SECRET FEAR.

Defendant was not prejudiced by rejection of his testimony as to what other prisoners told him about being maltreated by officers in order to compel confessions, and which he claimed caused him to fear a beating, where he later testified that he made confession in fear of beating, and his claim that men were beaten to compel confessions was brought to jury's attention.

Error to Genesee; Brennan (Fred W.), J. Submitted April 17, 1930. (Docket No. 149, Calendar No. 34,777.) Decided October 3, 1930.

Jesse Baker was convicted of taking indecent liberties with his 7-year old daughter. Affirmed.

*Frank Stipes,* for appellant.

*Wilber M. Brucker,* Attorney General, *Charles D. Beagle,* Prosecuting Attorney, and *Philip Elliott,* Assistant Prosecuting Attorney, for the people.

FEAD, J. Charged with statutory rape and taking indecent liberties with the person of his 7-year old daughter, Dorothy, at his home at Flint at about 6 o'clock p. m. on Saturday, June 29, 1929, defendant was convicted of the latter offense. Medical testimony indicated some tampering with the child, but slight, if any, penetration.

Defendant was divorced and had a housekeeper, Mrs. Ruth Schmidt. The latter testified that Dorothy voluntarily told her of the assault about 8:30 to 9 o'clock the same evening, and she was permitted to relate the details of the complaint. Mrs. Schmidt went away soon after, leaving Dorothy with a neighbor, Mrs. Ethel Alarie. Mrs. Alarie testified that Dorothy soon told her of the affair, and she was allowed to state the details. Mrs. Schmidt further testified that Dorothy told her the story with additions the next day, but she was not permitted to tell the details. It developed on her cross-examination that some of her statements as of Saturday were really made to her on Sunday, but no motion to strike was made on that account. Dorothy also testified that she told Mr. Alarie the story on Sunday. She further testified, "He (defendant) told me not to tell anyone; to say that he was shaving." All of this testimony of complaints was taken under objection, and, except the fact of the first statement to Mrs. Schmidt, is charged as error.

In *People* v. *Corder*, 244 Mich. 274, this court divided evenly upon the admissibility of the details of a complaint of statutory rape.

It was an ancient rule of the common law that the fact of complaint by a victim of rape could be shown in corroboration of the prosecutrix but the details could not. Wigmore speaks of the exclusion of the details as originally a rule of thumb afterward repudiated by the British courts. 3 Wigmore on Evidence (2d Ed.), § 1760. The basis of the admission of the fact of complaint is that an assaulted woman will tell about it at the first opportunity; failure to make complaint impeaches her claim of assault; so complaint may be shown to corroborate her claim. The American courts sought a

logical principle upon which to admit or exclude the details of complaint, and their reasoning has produced diverse results. A majority, including this court, adhere to the ancient ruling, upon precedent. Others permit the details of complaint to be shown upon a rather liberal extension of the *res gestæ* doctrine. Others receive the testimony upon the argument that, if the fact of the complaint is competent in corroboration of the prosecutrix, there is no good reason for excluding the rest of the statement. Still others permit the details in corroboration of the prosecutrix if and after her testimony has been impeached. 2 Wigmore on Evidence (2d Ed.), § 1134 *et seq.*; 3 Wigmore on Evidence (2d Ed.), § 1760; 2 Ann. Cas. 234, note; 11 Ann. Cas. 99, note.

To the general rule there is, of course, the exception that the whole of a statement which is strictly a part of the *res gestæ* is admissible under the general rules of evidence. Another exception to the rule excluding the details exists in Wisconsin (*Hannon* v. *State,* 70 Wis. 448 [36 N. W. 1]), and in this State (*People* v. *Gage,* 62 Mich. 271 [4 Am. St. Rep. 854]), where the victim is of tender years. The *Gage Case* has never been overruled by this court. The exception there announced was approved and applied in *People* v. *Glover,* 71 Mich. 303, and *People* v. *Bernor,* 115 Mich. 692. It has been stated and recognized in force, although the cases were distinguished, in *People* v. *Hicks,* 98 Mich. 86; *People* v. *Duncan,* 104 Mich. 460; *People* v. *Marrs,* 125 Mich. 376. It was quoted as late as *People* v. *Tobin,* 230 Mich. 214, in which, although not expressly discussed, it was not applicable because of the age of the girl. It was also cited as authority in *People* v. *Werner,* 221 Mich. 123.

The admissibility of details of complaint, in the case of very young girls, has been permitted on a liberal extension of the *res gestæ* doctrine. *People* v. *Gage, supra; People* v. *Brown,* 53 Mich. 531. The rule in this State is that where the victim is of tender years the testimony of the details of her complaint may be introduced in corroboration of her evidence, if her statement is shown to have been spontaneous and without indication of manufacture; and delay in making the complaint is excusable so far as it is caused by fear or other equally effective circumstance. An assault made by the father of the victim and his admonition to her not to tell what had happened are as effective to promote delay as threats by a stranger would have been. A child would ordinarily have no sense of outrage at such acts by her own father, and complaining of them would not occur to her. Her telling of the affair would more naturally arise as the relation of an unusual occurrence and might be delayed until something arose to suggest it. The complaint to Mrs. Schmidt was admissible.

The statement by Dorothy to Mrs. Alarie was not an original complaint and was not admissible. But, because of admissions by defendant of Dorothy's charge of indecent liberties, substantially as she made it to Mrs. Schmidt and Mrs. Alarie, the testimony of her statement to the latter was not prejudicial or reversible error.

On Monday morning the chief, captain, and matron of police questioned Dorothy in her father's presence. He then denied her accusations. The chief and captain, however, testified that, after she left, defendant told them that her statement, except in one detail, was true. Defendant made a similar admission in a later confession. This made Doro-

thy's whole statement competent as an admission by defendant against interest. *People* v. *Greeson,* 230 Mich. 124.

Later in the day defendant made a confession of guilt, which was taken stenographically, but not signed by him. The officer testified it was voluntary and without inducement, threat, or intimidation of any kind, and with a warning that it would be used against him. Defendant claimed it was made after a promise of aid by the chief of police, and also from fear. He testified that when he was put in jail he saw several persons who had been maltreated. He could not identify any. From what he learned from them, he said he feared a beating at the hands of the police, and that while he was making his statement, but not until after he had acknowledged indecent liberties, the officer adopted a threatening attitude, and, from fear, he confessed to rape. He testified to no threat or suggestion of force from the officers, except in that one respect. He said he did not sign the statement nor intend to sign it. It was written out, and, after he had seen his attorney, he made corrections in minor details. The conflict of testimony rendered the confession admissible. The court carefully and correctly instructed the jury upon its use and effect in the words of defendant's requests to charge.

Defendant was not permitted to testify to what the alleged maltreated persons had told him of the cause of their condition and which he said produced his fear. Secret fear, although not caused by acts of the officers and although not rendering a confession inadmissible in evidence, may have a bearing upon its truth. Anything acting upon a defendant's mind which he claims induced him to make a confession is admissible as bearing upon its verity. Upon

the record here, however, defendant was not prejudiced, because he later testified he had made his confession in fear of a beating and his claim that men were beaten to compel confessions was brought to the attention of the jury. The other assignments of error are groundless and need no discussion.

Conviction is affirmed.

Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred with Fead, J.

Wiest, C. J. (*concurring in affirmance*). The question here, of first complaint, was not present in *People* v. *Corder*, 244 Mich. 274. My Brother and I agree that repetitions are inadmissible.

Considering the age of the child, disclosed circumstances of the complaint and the fact that the child gave testimony (though not under oath), I think the first complaint admissible, not to establish the *corpus delicti* or as a part of the *res gestæ*, but to remove from consideration of her testimony a suspicion otherwise possible that, if violated, she instinctively would have made complaint; possibly not from sense of outrage but merely in innocence of comprehension of more than an extraordinary experience or happening. The repetitions, with details, were inadmissible, and, but for defendant's admissions of guilt, would call for a new trial.

For these reasons I concur in affirmance.

McDonald and Potter, JJ., concurred with Wiest, C. J.