## Whiting v. Fibber and Mollie Tea Room (et al., Appellant).

Argued December 8, 1943. Before BALDRIGE, STADT-
FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.
(KELLER, P. J., absent).

*Harry Alvan Baird,* for appellant.

*B. L. Haag,* of *Gilson & Haag,* for appellee.

OPINION BY RHODES, J., January 27, 1944:.

The claimant in this workmen's compensation case is
the widower of the deceased employee who died on
January 31, 1941. Claimant's petition averred that his
wife died as the result of an accidental injury received
in the course of her employment with defendant em-
ployer, on January 23, 1941, and, in effect, that he was
incapable of self-support at the time of his wife's death
and was at such time dependent upon her for support.

An answer was filed in which it was denied that deceased suffered an accidental injury while in the employ of defendant employer, or that claimant was dependent upon his wife for support. The referee allowed compensation; the Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and award with the following additional informal finding: "In view of the entire record, we believe that claimant was incapable of self support at the time of his wife's death and that he was dependent upon her for support at that time." On appeal the court of common pleas affirmed the board and entered judgment on the award for claimant. The employer's insurance carrier has appealed.

The death of deceased resulted from traumatic myocarditis caused by a fractured rib. Concerning this there is no dispute, and it has not been questioned on this appeal.

The question presented is whether there is competent and substantial evidence in the record sufficient to sustain the findings of the compensation authorities (1) that deceased's injury which caused her death was sustained by her in the course of her employment on January 23, 1941, and (2) that claimant was incapable of self-support at the time of his wife's death and was at such time dependent upon her for support.

No one saw the accident, and the question is whether the statements by deceased were admissible as part of the res gestae, and sufficient with the other testimony to sustain the finding that deceased was accidentally injured in the course of her employment. If the declaration of deceased was inadmissible the award and judgment in favor of claimant must be reversed.

Appellant contends that there is no competent proof that deceased received the injury in the course of her employment with defendant employer which concededly resulted in her death eight days thereafter.

Deceased was employed by the Fibber and Mollie Tea Room, the proprietor of which was Paul McGhee who was assisted in its operation by his wife. Deceased's duties included opening the tea room about six o'clock in the morning, and cleaning the establishment. One of the usual tasks which deceased performed each morning was emptying the trash baskets into a tank about 100 feet from the tea room. Deceased's hours were from 6 A. M. to 10 A. M., six days a week. On the morning of January 23, 1941, deceased arrived at the tea room and began her work. Prior to that time she was apparently in good health. Mrs. McGhee came in about 8:30 A. M., and deceased told her that she had slipped and fallen while emptying the trash. Deceased's conversation with Mrs. McGhee at that time was related by the witness: "Q. Did Mrs. Whiting [deceased] say anything to you on the morning of the 23rd about falling? A. Yes. When I got up about 8:30 she said, 'My side hurts. I was emptying a waste basket, I slipped and fell.' There had been a slight snow the night before. She said she slipped and fell, said her side hurt her. She said, 'I've often had those things before. I'll be all right.' I said, 'Don't you think you should see a doctor?'"

Deceased continued to report for work and perform her duties for the next three days, namely January 24th, 25th, and 26th, and on the 26th, after complaining about pain in her side, she was taken to a physician by defendant employer. It was found that she had a fractured rib, and traumatic myocarditis; she died on January 31, 1941, of traumatic myocarditis, at the age of 59 years.

There was medical testimony that the traumatic myocarditis caused deceased's death, that this condition was a result of the fracture, and that symptoms of traumatic myocarditis do not ordinarily appear immediately—a few days to several weeks may elapse.

The compensation authorities found and concluded that deceased sustained the fractured rib on the morning of January 23, 1941, while emptying a garbage or trash can in the course of her employment. It does not appear that deceased saw anyone other than Mrs. McGhee to whom she could have made the declaration. The time that may have elapsed between the occurrence and the declaration is important but not conclusive. *Com. v. Stallone*, 281 Pa. 41, 45, 126 A. 56. "No fixed measure of time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestae. Each case must necessarily depend on its own circumstances to determine whether the facts offered are really part of the same continuous transaction. In the notable case of *Hunter v. State*, 40 N. J. Law, 495, 538, BEASLEY, C. J., adopts the definition of Wharton, Evidence, sec. 259, that 'the res gestae are the circumstances which are the undesigned incidents of the litigated act, which are admissible when illustrative of such act. These incidents may be separated from the act by a lapse of time more or less appreciable. . . . . . . Their sole distinguishing feature is that they should be the necessary incidents of the litigated act; necessary in this sense, that they are part of the immediate preparations for, or emanations of such act, and are not produced by the calculated policy of the actors.' And with regard to declarations, the rule is well stated in 21 Am. & Eng. Ency. of Law, 102, that if they 'are made under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of thought created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation and design, they will be admissible as part of the res gestae' ": *Com. v. Werntz*, 161 Pa. 591, at page 596, 29 A. 272, at page 273. In *Broad*

*Street Trust Co. v. Heyl Bros. et al.,* 128 Pa. Superior Ct. 65, at page 70, 193 A. 397, at page 399, we said: "The test is whether [the declarations] were made under such circumstances as would raise the reasonable presumption that they were the spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they were the result of premeditation and design." In the present case the circumstances do not indicate any premeditation or design on the part of deceased in making the declaration to Mrs. McGhee, and it is a reasonable inference that the declaration was made to Mrs. McGhee as the first person with whom deceased came in contact following the accident, and certainly the first person in authority that she met. Mrs. McGhee reported the matter to her husband, the defendant employer, shortly thereafter. The spontaneity and sincerity of the utterance are indicated by the extent to which the occurrence was minimized by deceased. It likewise appears to have been what would naturally have occurred between the parties under the circumstances, without deliberate design. From deceased's declaration and the other evidence it sufficiently appears when, where, and under what circumstances deceased was accidentally injured, and the nature of such injury. The inferences from the proved facts were for the compensation authorities to draw. We are of the opinion that deceased's declaration was admissible as part of the res gestae, and that there was competent and substantial evidence in the record sufficient to sustain the finding that deceased suffered the accidental injury in the course of her employment, which was the cause of her death.

The record clearly establishes that claimant was incapable of self-support at the time of his wife's death, and was at that time dependent upon her for support.

Workmen's Compensation Act of June 2, 1915, P. L. 736, art. 3, §307, as amended and reenacted by the Act of June 21, 1939, P. L. 520, §1, 77 PS §562. Claimant was 67 years of age, and had not been regularly employed for 12 years. He had a heart condition which had seriously impaired his health and he was incapable of working for any period of time. Deceased had maintained the household for ten years, and claimant's income was limited to trivial amounts received now and then from the performance of most trivial jobs. Her income was required to supply the ordinary necessities of life for both. It was proper for the board to find that the earnings of deceased were necessary for the support and maintenance of claimant at the time of her death, and that he was incapable of self-support. Both the referee and the board considered the testimony of claimant's son incredible as it related to his alleged support of his parents. The credibility of the witnesses was for the board as the final fact-finding body.

In view of our conclusion that the evidence is sufficient to sustain the findings of the board and the award in favor of claimant, it is unnecessary to consider the procedural question raised by claimant.

Judgment is affirmed.