## BROWN v. UNITED STATES.
### No. 214.

Municipal Court of Appeals for the
District of Columbia.
Jan. 24, 1945.

Saul G. Lichtenberg, of Washington, D. C., for appellant.

John P. Burke, Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., and Joseph F. Lawless, Jr., Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

After a jury trial defendant was convicted of assault and has appealed. The assault charged was upon a girl three years and eight months of age, and involved circumstances of gross indecency. Fortunately the child was not subjected to physical injury and was too immature to apprehend the salacious nature of or to suffer mental disturbance from acts of the described character.

The offense was alleged to have occurred sometime in the afternoon, prior to 4:15 P. M., in the nursery room of a day school for children, when the child was alone in the room and when those in charge were with the other children in another part of

the building. The accused, a man twenty-three years of age, was then in and about the building where he was employed as an assistant to the janitor. From 4:15 P. M. until 6:15 P. M., when called for by her mother, the child was with other children in charge of a supervisor and made no complaint. After reaching home she was given her supper and about 7:15, in recounting to her mother various incidents of her day at school, she related the circumstances of the assault. These, if proven, would justify the conviction. At the trial the mother testified to the statements so made to her. This was objected to as hearsay and the overruling of the objection is assigned as error.

Immediately after hearing the child's statement the mother went to a neighbor's home and telephoned police authorities. On the following day a policewoman investigated and defendant was arrested. On the next following day the child and her mother went to the precinct station where defendant was confined. The policewoman and two policemen were present. One of the latter testified that when accused was brought into the room the child recognized him but would not repeat her story, but as he was taken away she started to talk; defendant was then brought back and in his presence she "recited her story again"; that defendant denied the occurrence. The other policeman testified that the girl would not at first answer questions, and said that defendant was not the man; "that the defendant was taken from the room, some conversation was had with the girl and later the defendant was returned to the room, and the child identified him." He also stated that defendant at all times denied the charge. The testimony of the policewoman was that she had investigated the complaint and that her investigation revealed that defendant had exposed himself to the child, but she did not refer to the alleged assault. This testimony of the three officers was received without objection.

When cross-examined, the last witness was asked "whether or not her investigation was concerned with a conviction only or a desire to get the actual facts." An objection to this question was sustained.

On the stand defendant denied the charge, and in his behalf the person in charge of the nursery school testified that she was constantly with the child from 4:15 P. M.,

when she was taken from the nursery room, until her mother called for her at 6:15, and that during this period the child made no complaint. This witness and other employees of the school testified to defendant's good reputation.

Motion for a directed verdict was made upon the ground that the evidence was insufficient to authorize submission of the case to the jury. It was overruled. This, and the rulings upon objections to testimony already noted, present the questions we are asked to review.

█ Because of the serious nature of the offense we have given careful consideration to the possible effect upon the jury of the policewoman's statement of the result of her investigation, and of the testimony of the officer that the child repeated her story at the police station on the second day following the alleged assault. Both were plainly inadmissible. It was obvious that defendant's guilt or innocence depended upon whether the child's story told to her mother shortly after the occurrence, or the defendant's denial, was to be believed. There were no other witnesses, there was no other evidence available than that which was before the jury for its consideration, and we have concluded that the reception of this evidence, under these circumstances, did not result in depriving defendant of a fair trial and does not authorize a reversal.[1] Counsel may have advisedly withheld objection. The child's statement had already been placed in evidence by the mother's testimony and defendant's immediate denial when it was repeated in his presence may have been regarded as outweighing any prejudice resulting from the repetition. That the policewoman, after investigation, limited her statement to an indecent exposure, for which defendant was not being tried, may also, in counsel's opinion, have reacted in defendant's favor.

██ The court was clearly right in sustaining the objection to the question propounded by defendant's counsel to the policewoman. If otherwise proper, the question, as framed, was objectionable. But in the absence of facts indicating a lack of fairness, an officer of the law, charged with the investigation of a serious offense, should not be required to answer questions designed merely to infer or suggest to the jury the existence of bias and prejudice in the execution of an official duty. Full oppor-

[1] Ewing v. United States, 77 U.S.App. D.C. 14, 135 F.2d 633.

tunity is afforded by legitimate cross-examination to develop any facts or circumstances from which a jury may discover or suspect the existence of improper motive, or of prejudice or partiality; but this right of examination, so far as the record here shows, was not exercised, and no proper foundation was laid for the question.

The determinative issues in this case are (1) the admissibility of the mother's testimony recounting the child's statement made to her three or more hours after the occurrence, and (2) the probative weight to be accorded such a statement. The defendant claims that it was hearsay and inadmissible; also that without corroboration it was insufficient to justify a conviction, and that the case should not have been submitted to the jury.

### Admissibility of Testimony

While evidence of declarations following the event, admitted as an exception to the hearsay rule, is usually justified and described as "part of the res gestae" (in the narrow literal meaning of the term), the increasing latitude of its application has led courts and writers to protest against the implied limitation.[2] But whether we describe an involuntary exclamation, uttered forthwith, as a "part" of the occurrence, and a voluntary statement made minutes, or hours, or days thereafter, by one whose mental faculties remain subject only to an original impulse, as a spontaneous declaration, is immaterial unless we permit the technical definition of the title of the exception to limit its application.

 Whether regarded as a part of the res gestae or as a spontaneous declaration, proof of a verbal exclamation or statement is admissible as evidence of a fact in issue to which it relates if made under circumstances which, tested by legal standards, import verity. The test is whether, when the statement is made, the mind of the declarant, in relation to the event, remains under its domination. Lapse of time is important, but not controlling.[3] Its significance lies in the opportunity for reflection, the chance that the mental impression of the fact may have been obscured by influences from without or distorted by self interest.[4]

In very young children, limited capacity for understanding the unusual and lascivious, of invention and description, justify the extension of the rule to its extreme limit. This has frequently been recognized. "Where the prosecutrix is a very young child, as in this case, the rule is not applied with the same strictness, as when she is an adult, or has reached such an age as to have an understanding of such matters."[5] And in one case, after referring to evidence of the res gestae as an exception to the hearsay rule, the court said: "The only other exception to the rule is in the case where the victim is a girl of tender years."[6]

In Snowden v. United States, 2 App. D.C. 89, involving a conviction for rape of a five and one-half year old girl, the child's statement to her grandmother, made more than an hour later, was admitted. Referring to cases of abuse of female children the court said that "the principle of what is called the res gestæ has been, from necessity of the case, extended beyond the limits that obtain generally in civil cases."[7] And in Beausoliel v. United States, 71 App. D.C. 111, 107 F.2d 292, 294, where, as here, the indecent act was unattended by physical injury, the statement of the six year old girl to her mother, shortly after leaving defendant's taxicab, was held competent. There the court held:

"What constitutes a spontaneous utter-

---

[2] Keefe v. State, 50 Ariz. 293, 72 P.2d 425; Wigmore on Evidence (3d Ed.1940) Sec. 1745.

[3] Travelers' Ins. Co. v. Sheppard, 85 Ga. 751, 12 S.E. 18, 26. "What the law altogether distrusts is not after-speech, but after-thought. * * * That [the declarations] shall be or appear to be spontaneous is indispensable, and it is for this reason alone that they are required to be speedy."

[4] "The spontaneity and sincerity of the utterance are indicated by the extent to which the occurrence was minimized by deceased." Whiting v. Fibber and Mollie Tea Room, 154 Pa.Super. 106, 35 A.2d 598, 600.

[5] State v. Andrews, 130 Iowa 609, 105 N.W. 215, 216.

[6] People v. Marrs, 125 Mich. 376, 84 N.W. 284, 285.

[7] Under facts similar to the Snowden case subsequent statements of young children have been admitted in many cases, among others—Soto v. Territory, 12 Ariz. 36, 94 P. 1104; People v. Bush, 56 Cal. App.2d 877, 133 P.2d 870; People v. Baker, 251 Mich. 322, 232 N.W. 381; People v. Gage, 62 Mich. 271, 28 N.W. 835, 4 Am. St.Rep. 854; Kenney v. State, Tex.Cr. App., 79 S.W. 817, 65 L.R.A. 316; State v. Coram, 116 W.Va. 492, 182 S.E. 83; Hannon v. State, 70 Wis. 448, 36 N.W. 1.

ance such as will bring it within this exception to the hearsay rule must depend, necessarily, upon the facts peculiar to each case, and be determined by the exercise of sound judicial discretion, which should not be disturbed on appeal unless clearly erroneous.

\* \* \* \* \* \*

"It has been held, moreover, that where, as in the present case, the victim is of such an age as to render it improbable that her utterance was deliberate and its effect premeditated, the utterance need not be so nearly contemporaneous with the principal transaction 'as in the case of an older person, whose reflective powers are not presumed to be so easily affected or kept in abeyance.' "

█ In the light of these precedents we find no error in the admission of this evidence by the trial court. The reasonable presumption is that the child's statement was the spontaneous utterance of thoughts prompted solely by an act so unusual that the impressions created on her mind were retained and imparted to her mother, and that it was not influenced by reflection, premeditation or design.

### Sufficiency of Evidence

█ May we accept the premise that the uncorroborated statement of a child too young to qualify as a witness before the court is insufficient to warrant a conviction? May we grant legal immunity to those degenerates who slyly abuse children in secret? In Snowden v. United States, supra, where the only corroboration was the evidence of physical injury, the court, referring to the rule it applied in admitting evidence of the child's statement, said that "rightly guarded in its practical application, there is no principle in the law of evidence more safe in its results." In Beausoliel v. United States, supra, there was no physical injury. The conviction rested solely upon the testimony of the mother and the statement of the child given without the sanction of an oath. The judgment was affirmed.

█ Crimes of a revolting nature, especially where the victim is a young child, inevitably arouse a strong feeling of disgust and hostility toward an accused, requiring the court to exercise the utmost care in giving its instructions to the end that justice may not miscarry.[8] Here the accused was apparently satisfied with the court's charge, which is not included in the record. The child was present during the trial, the jury saw and heard the witnesses, including the accused, and the determination of innocence or guilt was its responsibility. We may only pass upon the legal point involved and hold that it was not error to submit the case to the jury for decision.

Affirmed.

---

[8] People v. Adams, 14 Cal.2d 154, 93 P.2d 146.