## BROWN v. UNITED STATES.

### No. 8936.

United States Court of Appeals
District of Columbia.

Argued Oct. 15, 1945.

Decided Dec. 3, 1945.

Mr. Saul G. Lichtenberg, of Washington, D. C., for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray and Joseph F. Lawless, Assistant United States Attorneys, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, ALBERT LEE STEPHENS, Circuit Judge sitting by designation, and EDGERTON, Associate Justice.

EDGERTON, Associate Justice.

This appeal is from a judgment of the Municipal Court of Appeals[1] which affirmed a conviction of assault upon a girl three years and eight months old. Appellant was an assistant janitor in a day school which she attended. On the afternoon of the alleged assault she was put in a nursery room alone. Appellant was somewhere in the building. Several persons looked into the room at different times and saw nothing unusual. A teacher took the child from the room at 4:15 p. m. and watched her play with other children until 6:15. During this time she made no complaint and mentioned nothing that had happened in the nursery. At 6:15 her mother called for her and took her home. While she was having dinner she told of seeing rabbits and of other events of the day. At about 7:15 she told of appellant's alleged act and said that it occurred in the afternoon. It was of an indecent character. The child "did not complain" to her mother and was not physically marked or injured.

The trial judge found, after talking with the child, that she was incompetent to testify. But he permitted her mother,

<hr>

[2] Sec. 275(a), I.R.C. 26 U.S.C.A. Int. Rev.Code, § 275(a).

[1] Brown v. United States, 40 A.2d 832.
[3] Sec. 276(a), I.R.C., 26 U.S.C.A. Int. Rev.Code, § 276(a).

over appellant's objection, to repeat the child's story. Without objection, police officers told the jury what the child had said a day or two after the alleged assault and one of the officers expressed a belief as to what appellant had done. As the Municipal Court of Appeals said, the officers' testimony was plainly inadmissible. The admission of such testimony in so serious a case might be enough to require reversal despite the fact that counsel did not object. But that question is unimportant because we think the mother's report of the child's story, to which counsel did object, should have been excluded.

■■ This report was of course hearsay. It was not within the principle of spontaneous exclamations or of any other exception to the hearsay rule. "Under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses * * * the utterance may be taken as particularly trustworthy * * *."[2] Reports of exclamations and statements spontaneously made under the influence of shock are therefore admitted in evidence as proof of the facts which they assert. But if the Municipal Court of Appeals was right in its belief that the child was "too immature * * * to suffer mental disturbance from acts of the described character",[3] the principle can have no application here. Even if the court was mistaken in thinking that the child's immaturity precluded possible mental disturbance, there is no evidence, in the child's story or otherwise, that she actually suffered mental disturbance. And it is plain that even if she did so at the time of the alleged assault she had ceased to do so during the peaceful hours which elapsed between that time and the time when she included a story of an assault in an account of the day's events. There is no suggestion to the contrary.

The Municipal Court of Appeals apparently thought that the doctrine of spontaneous exclamations should be extended to cover a very young child's completely calm narrative. We cannot agree. Very young children often fail to distinguish between subjective and objective experiences, between events which they dream or imagine and events which happen in the external world. They often fail to realize the importance which adults attach to this distinction and the consequences which innocent failure to draw it may produce. They know little or nothing of the effects which their recitals may have upon the liberty and reputation of others. This child is not shown to have been unusually advanced. On the contrary, the trial court found that she was incompetent to testify. It follows from all this that her story was not more but less trustworthy than it would have been if she had been an adult. If she had been an adult it would not have been received, as it was received, in the reflected form of hearsay. The several exceptions to the hearsay rule are due either to the special trustworthiness of a special sort of hearsay or to a necessity for admitting it because equivalent direct testimony is lacking.[4] Neither consideration applies here. If the child was worthy of belief she was available as a witness. We do not minimize the importance of a young chid's spontaneous exclamations. They may be much more valuable than her testimony on the witness stand. We are dealing with a young child's calm narrative. It is a curious paradox which would exclude such a narrative when the child herself is offered as a witness and would admit it when it has all the added infirmities of hearsay.

Our conclusion agrees with that of other courts.[5] With the dubious exception of a few cases in which the prosecution charged actual or attempted rape,[6] no case has been called to our attention in which the hearsay rule has been relaxed to admit a calm and uncomplaining child's story of past events.

Even if the child had been mentally disturbed when she told her story, the present case would not have been within the es-

[2] Wigmore on Evidence, 3rd ed., § 1747. Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292.

[3] Brown v. United States, 40 A.2d 832.

[4] Wigmore on Evidence, 3rd ed., § 1420.

[5] Keefe v. State, 50 Ariz. 293, 72 P. 2d 425; State v. Rounds, 216 Iowa 131, 248 N.W. 500; State v. Coram, 116 W. Va. 492, 182 S.E. 83.

[6] People v. Gage, 62 Mich. 271, 28 N. W. 835, 4 Am.St.Rep. 854; People v. Baker, 251 Mich. 322, 232 N.W. 381.

tablished doctrine of spontaneous statements. This exception to the hearsay rule has commonly been applied only when there has been independent evidence of an exciting event; testimony other than the hearsay statement has proved that a collision occurred, a shot was fired, or the like, and the hearsay has served only to identify the actors or to specify their conduct.[7] If, for example, there is no evidence of any assault except A's testimony that B cried "Smith shot at me", we do not convict Smith of assault, however excited B's cry appears to have been. It is not apparent that this principle should be ignored when the assault charged is an indecent one. In Snowden v. United States [8] the complaining child, when she made her statement to her grandmother, not only was crying but bore unmistakable marks of an assault. In Beausoliel v. United States [9] the child not only "had a peculiar expression on her face" when she made her statement to her mother but also testified directly, at the trial, to the assault. In the present case the hearsay evidence is the only evidence that any assault took place.

■ Reversal of appellant's conviction will not, as has been suggested, grant legal immunity to men who abuse children in secret. As we held in the Snowden and Beausoliel cases, if a child makes spontaneous statements they are admissible in evidence when a foundation is laid for them, and either the child's condition or the child's testimony may lay the foundation. As we held in the Beausoliel case, if the trial judge concludes that the child may be worthy of belief he should allow her to testify. But if he concludes that she is still too young to be worthy of belief, this does not diminish the importance of excluding calm statements which she made out of court when she was even younger. A repellent charge does not destroy the presumption of innocence or justify a conviction on evidence which is neither competent nor trustworthy.

Reversed.

ALBERT LEE STEPHENS, Circuit Judge sitting by designation (concurring).

I concur in the decision. I also concur in that part of the opinion which treats of the testimony of police officers in regard to what the child had said "a day or two after the alleged assault," and in regard to an officer's testimony as to his "belief as to what appellant had done."

While it may be useful to the trial court for us to pass upon the admission of the mother's testimony as to the child's expressions to her, the importance of the point and the inherent danger of attempting to delimit the admissibility of testimony of that class make me feel that the better course would be to pass upon it only when it becomes imperative that we do so.

---

[7] Wigmore on Evidence, 3rd ed., § 1761. Cf. § 1754 and cases collected in § 1750.

[8] 2 App.D.C. 89.

[9] 71 App.D.C. 111, 107 F.2d 292.