## SMITH v. UNITED STATES.
### No. 12066.

United States Court of Appeals
District of Columbia Circuit.

Argued June 25, 1954.

Decided July 19, 1954.

Mr. Joseph D. Di Leo, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and John F. Doyle, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

## PER CURIAM.

Appellant was convicted of taking indecent liberties with a female child seven years of age, in violation of § 22–3501 (a), D.C.Code (1951). The offense is alleged to have occurred sometime on a Monday night in the child's home where appellant occupied a room. The trial judge deemed the child disqualified and excluded her testimony. The child's mother was permitted, over objection, to give in evidence an oral statement accusing appellant made to her by the child on the following Thursday morning.

This evidence was hearsay. No inflexible guide can be prescribed for cases such as this, see Snowden v. United States, 2 App.D.C. 89, 94; Crawford v. United States, 91 U.S.App.D.C. 234, 236, 198 F.2d 976, 978, but upon the particular facts of the instant case and on the record presented to us, we are not satisfied that the mother's testimony was admissible as an exception to the rule excluding hearsay. The child appears to have spent the time between the alleged offense and the telling of it to her mother in a normal manner in the household. It is true the mother and father were absent at work, the father during the day and the mother from about five o'clock in the afternoon well into the night, and it is true also the child herself went to school. But there was opportunity for her to have complained to her mother before Thursday. Furthermore, the statement then made was not a complaint made by the child on her own initiative. It came in answer to inquiries from the mother. In these circumstances the child's accusation had no element of spontaneity due to the impact of the criminal conduct ascribed to appellant and was inadmissible as a spontaneous statement. Brown v. United States, 80 U.S.App.D.C. 270, 152 F.2d 138.

The erroneous admission of this testimony, in view of the evidence as a whole, which failed to include testimony from the doctor who examined the child or from her father who was in and out of the house during the relevant times, requires reversal and the award of a new trial. Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L. Ed. 1557.

Reversed and remanded.