W. WALLACE BINGHAM, JR., RESPONDENT, v. GEORGE J. SCHINDEL, APPELLANT.

Submitted July 8, 1918—Decided October 11, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment entered on a verdict in favor of the plaintiff against the defendant in the Essex Circuit for $1,800.

"The defendant obtained a rule to show cause, reserving exceptions taken at the trial, with the result that the verdict was reduced to $1,000 and judgment entered for that amount, from which judgment the defendant appeals to this court.

"The plaintiff's complaint contained two counts for slander.

"The first count charges the alleged slanderous words spoken to be as follows: 'I know of Bingham's having given a check in payment of automobile tires when he did not have an account and can prove this.' The innuendo is: 'Defendant meant thereby that the plaintiff had, by means of said check, secured goods under false pretences, and with intent to defraud the party from which the tires were purchased.'

"The second count charges the following alleged slanderous words to have been spoken: 'Bingham conducted himself improperly with women while his wife was ill in the hospital;

he had them at his house. This can be proved by people living in the house at the time.' The innuendo is: 'Defendant meant thereby that the plaintiff had been guilty of adultery or immoral conduct with said women.'

"Under section 106 of the Practice act (*Comp. Stat., p.* 4085), the pleader may aver that the words set forth were used in any defamatory sense he may see fit to attribute to them. *Curley* v. *Fenney,* 62 *N. J. L.* 70.

"The first ground of appeal is rested upon the exclusion by the court of the following question put by defendant's coun- sel to the plaintiff on cross-examination: 'Did you ever give any checks for automobile tires?' The contention is that the question was erroneously excluded. It appears that the question was objected to by counsel for plaintiff upon the ground that it was an attempt to establish justification and because justification had not been pleaded, hence, it was not admissible.

"The legal rule is settled in this state that under the plea of general issue the truth of the alleged slanderous words spoken may be proved, but only to the extent of rebutting the presumption of malice. *Merrey* v. *Guardian Publishing Co.,* 79 *N. J. L.* 177; *affirmed,* 81 *Id.* 632.

"It is obvious that the question put to the plaintiff bore no material pertinency to the controversy as to whether or not the plaintiff had given a check in payment for automobile tires when he did not have an account.

"If the question put to the plaintiff had been answered in the affirmative, it would not have tended to establish the truth of the alleged slanderous words. It may very well be that the plaintiff gave checks for automobile tires which were paid.

"A different situation would have been presented if the question asked the witness was whether he ever gave any checks for automobile tires when he had no account in the bank to meet them. The question asked was properly ex- cluded. It was immaterial and irrelevant. The fact that it was excluded on an erroneous ground cannot properly be made a basis of appeal.

"The second ground of appeal is based on the refusal of the court to grant a nonsuit at the close of the plaintiff's case. It is obvious from the record that the motion was properly refused.

"It appears that at the close of the plaintiff's case counsel for defendant moved for a nonsuit on the ground that the plaintiff had failed to show any damages sustained.

"In appellant's brief it is argued that the defendant was entitled to a nonsuit as to the first count of the complaint. The motion for a nonsuit was a general one and was placed squarely on the ground that the plaintiff failed to make out a case under the complaint; and even though it appeared that the first count was insufficient in law or not supported by the testimony, nevertheless, if the second count was good, and there was evidence to support it, the motion to nonsuit could not properly be entertained. In respect to the last-mentioned count, counsel for appellant argues that it does not impute the commission of the crime of adultery, in that the immoral conduct charged does not include within its meaning intercourse with married women which is essential in order to charge adultery.

"As the statute permits the pleader to aver the use of the words in any defamatory sense he sees fit to attribute to them, it was for the jury to decide from the proof of the words spoken whether they were spoken of the plaintiff in the defamatory sense averred in the complaint.

"We think from the words used it is permissible for the jury to find that they were spoken in the defamatory sense set out in the innuendo.

"The third ground of appeal is based on the refusal of the court to direct a verdict for the defendant, for the reason stated on the motion for a nonsuit, and for the further reason that the plaintiff has failed by the preponderance of the evidence to establish a case of slander.

"These grounds are not argued on the appellant's brief. Suffice it to say that so far as they relate to the basis of the motion for a nonsuit, that question needs no further discussion here, and as to the ground relating to the preponderance of

the evidence, that is a matter which cannot be properly considered on appeal.

"The fourth and last ground of appeal is founded on an exception taken to the judge's charge wherein he said: 'In determining whether or not the words were spoken, you have a right to consider in connection therewith the testimony of Mr. and Mrs. Bingham relating to a conversation on Orange street to which your attention will presently be called.'

"The conversation to which the trial judge referred is stated by him, in his charge, as follows: 'The plaintiff says that before these words were spoken the defendant met him and his wife on Orange street and twitted him about riding around in an automobile when he owed for his rent, and then said that he didn't care now anything about the money, but that his ambition was to put him on the bum—to queer him. His wife says that when she heard this conversation start she avoided it by going into the store, and when she came out the defendant insisted upon talking to her about it, although she said she did not want to hear about it; and he then said that he wanted to repeat to her what he said to Mr. Bingham, and he said it was not money he was after, that he was after him, and that he would get him, and would go to his employers and queer him—' * * *.

"Counsel for appellant argues that the evidence of this conversation was only admissible upon the question of malice, and could only be used as evidence bearing upon the original motive of the defendant in speaking the alleged slanderous words to Mr. Bristow afterwards, but that the trial court regarded the conversation as tending to show an intent to slander the plaintiff and practically instructed the jury that it might infer that the intent was followed out by the speaking of the words, and, therefore, harmful error was committed.

"We are unable to perceive any error in the instruction excepted to.

"What the trial judge told the jury was that it could take into consideration the Orange street conversation, which took place several days prior to the utterance of the alleged slanderous words, the attitude of defendant's mind towards the

plaintiff, when it came to consider the question whether or not it was likely that the defendant made use of the alleged slanderous words attributed to him.

"The judgment is affirmed, with costs."

For the appellant, *Levy & Fenster* and *Frank E. Bradner*.

For the respondent, *John W. Palmer*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.  11.

*For reversal*—None.