THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EMIL ENGSBERG, PLAINTIFF IN ERROR.

Submitted March 22, 1920—Decided June 14, 1920.

1. A motion to direct an acquittal in a criminal prosecution at the close of the state's case is reviewable on error under section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863.

2. Where an indictment for keeping a disorderly house charges that the defendant permitted illegal practices and conduct to be habitually carried on in a place of public resort, it is competent to prove specific acts and conduct of frequenters of the place.

3. Knowledge by the proprietor of a house of illegal practices carried on therein is necessary to convict him of keeping a disorderly house, and mere negligence, while evidential of the fact of knowledge, is not its legal equivalent; but his knowledge may be inferred as a matter of fact from evidence showing a course of practice, or frequent acts, of which, in the natural order of things, he would have been cognizant, and to which his assent would be as a matter of fact naturally implied.

4. Where the examination in chief elicits part of a conversation, the other side is entitled to cross-examine to find out whether that was all of the conversation, and, in general, to have other relevant parts thereof.

5. Where no motion is made to strike out irrelevant testimony given by a witness on his direct examination, opposing counsel have the right to cross-examine him on it.

6. Where the response to a question, which the cross-examining counsel has a right to ask, is irrelevant, and no motion is made to strike it out, it will not lead to a reversal, because there is no judicial action for review on error.

On error to the Supreme Court.

For the plaintiff in error, *Frank M. McDermit.*

For the defendant in error, *J. Henry Harrison,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff in error was convicted in the Essex County Quarter Sessions of keeping a disorderly house

in the city of Newark. The judgment on this conviction was brought into the Supreme Court for review by a writ of error and was there affirmed.

The judgment is now before us for review on a writ of error to the Supreme Court.

We are of the opinion that the judgment should stand.

We think that the motion for a direction of acquittal at the close of the state's case was rightly denied.

No doubt such a motion is reviewable on error where, as here, the entire record of the proceeding had upon the trial is returned with the writ of error under section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863; *State* v. *Contarino,* 92 *N. J. L.* 381. But we think that an examination of the testimony shows plainly that it was the duty of the trial judge to submit the question of the guilt of the defendant to the jury.

The indictment charged the defendant with keeping a disorderly house, and, among other illegal practices and conduct specifically set out as habitually carried on, was that the defendant willingly caused and procured men and women of evil name and fame and of dishonest conversation to frequent his house and come together, there to be and remain "soliciting and making assignations for sexual intercourse."

In support of this charge the state proved specific acts and conduct of the frequenters of the defendant's house, and that proof was competent. *State* v. *Littman,* 86 *N. J. L.* 453; *affirmed,* 88 *Id.* 392.

The defendant argues that the proof shows negligence only, not anything from which knowledge could be rightly inferred. But that is not so.

Of course, knowledge by the proprietor of a house of illegal practices carried on therein is necessary to convict him of keeping a disorderly house, and mere negligence, while evidential of the fact of knowledge, is not its legal equivalent; but his knowledge may be inferred as a matter of fact from evidence showing a course of practice, or frequent acts, of which, in the natural order of things, he would have been cognizant, and to which his assent would be, as a matter of

fact, naturally implied. *State* v. *Callahan,* 77 *N. J. L.* 685;
*State* v. *Mausert,* 85 *Id.* 498. Tested by that rule there was
ample evidence from which knowledge by the defendant of the
frequent illegal practices in his place may be inferred. But
that was not all. The evidence tended to show that more
than once the defendant's attention was expressly called to
the fact that these illegal practices were being there car-
ried on.

The only other point requiring consideration relates to
the cross-examination of a witness produced by the defendant.

The examination-in-chief elicited part of a conversation be-
tween the witness and one Cozzolino. Then counsel for the
state on cross-examination asked: "Just what was it now,
Mr. Van Ness, that Mr. Cozzolino said to you?" Thereupon
counsel for the defendant said: "I object," and the only rea-
son given was "I brought out no such conversation."

That reason was not well founded, in fact, for the record
discloses that by repeated questions addressed to the witness,
counsel for defendant put in evidence such conversation.

On general principles the question put on cross-examina-
tion was proper, since the rule is that where the examination-
in-chief elicits part of a conversation, the other side is entitled
to cross-examine to find out whether that was all of the con-
versation, and, in general, to have other relevant parts thereof.
*State* v. *Glatzmayer,* 79 *N. J. L.* 238.

The defendant now urges for the first time that the conver-
sation as elicited by the examination-in-chief was irrelevant
and therefore improper. But if that be so, the defendant
cannot complain, because where, as here, no motion is made
to strike out irrelevant testimony given by a witness on his
direct examination, opposing counsel have the right to cross-
examine him on it. *People* v. *Barry,* 132 *N. Y. App. Div.*
231; 116 *N. Y. Supp.* 870; *affirmed,* 196 *N. Y.* 507; *Lydia
Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138; *Freedman* v.
*Bonner (Texas),* 40 *S. W. Rep.* 47; *Apple* v. *Board of Com-
missioners (Ind.),* 27 *N. E. Rep.* 166.

The defendant also now for the first time complains that
parts of the conversation brought out on cross-examination

are irrelevant. But if this be so, yet no motion was made to strike it out and where, as here, the response to a question which the cross-examining counsel has a right to ask is irrelevant, and no motion is made to strike it out, it will not lead to a reversal, because there is no judicial action for this court to review. *State* v. *Hummer,* 81 *N. J. L.* 430.

The judgment will be affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 11.

*For reversal*—None.