## CUSMANO v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 11, 1926.)

No. 4604.

**1. Criminal law ⟷1137(5)—Defendant held not entitled to complain of redirect examination affecting other offenses, after having first brought out the matter on cross-examination (Comp. St. § 8603).**

In prosecution, under Comp. St. § 8603, for possessing with intent to use property stolen from interstate commerce, defendant, who first brought out on cross-examination of express company employee fact that such employee had delivered other stolen packages than the one involved to defendant, *held* not entitled to complain of redirect examination affecting such matter.

**2. Criminal law ⟷1054(1).**

Error in admitting testimony is not available, in absence of exception thereto.

**3. Receiving stolen goods ⟷8(2)—In prosecution for possession of clothing stolen from state commerce, evidence that defendant had paid therefor held properly admitted (Comp. St. § 8603).**

In prosecution, under Comp. St. § 8603, for possession, with intent to use, of package of clothing stolen from interstate commerce, evidence that defendant had paid for the package, which was delivered to a particular person, *held* properly admitted.

**4. Criminal law ⟷1144(12)—Witnesses ⟷393(1)—Refusal to permit witness to state whether he had made certain statements on former trial held not error; court's statement that witness had not testified differently on former trial assumed to be correct.**

Refusal to permit witness to say on cross-examination whether he had made certain statements at a former trial was not error, if, as stated by court, witness had not testified differently on former trial, and, in absence of anything in record to contrary, it must be assumed that this was the ground of exclusion.

**5. Receiving stolen goods ⟷8(2)—In prosecution for possessing goods stolen from interstate commerce, evidence that defendant was engaged on delivery wagon during month involved held properly excluded, as of no probative effect (Comp. St. § 8603).**

In prosecution, under Comp. St. § 8603, for possession with intent to use package of clothing stolen from interstate commerce, evidence tending to show that during month involved defendant was daily engaged on his delivery wagon *held* properly excluded, as of no proba-

tive value; it being quite feasible for him to have received the goods through his associate.

**6. Criminal law ⊛⇒656(2).**

Court's questioning of witnesses as to their knowledge of matter about which they testified *held* not erroneous, as having effect of improperly discrediting them.

**7. Criminal law ⊛⇒1053.**

In absence of exception, defendant cannot, on appeal, complain of court's questioning of witnesses.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

James Cusmano was convicted of unlawfully possessing with intent to convert to his own use, and knowing it to have been stolen, a package of clothing which was stolen from interstate commerce, and he brings error. Affirmed.

Wm. F. Connolly, of Detroit, Mich., for plaintiff in error.

Wallace Visscher, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Cusmano was tried and convicted under an indictment charging him with unlawfully possessing, with intent to convert to his own use and knowing it to have been stolen, a package of men's clothing, which was stolen while moving in interstate commerce. Compiled Statutes, § 8603. The clothing, as alleged and proved by the government, was sold to defendant by two employees of an express company, Louisignan and Jones, who were in charge of an express delivery wagon, and who extracted the package from the delivery warehouse of the express company.

[1, 2] The assignments of error deal with the admission and rejection of evidence, the participation in the examination of witnesses by the trial judge, and with the instructions given to the jury respecting defendant's claim of an alibi. We refer only to such evidentiary questions argued as seem to merit attention. The complaint most earnestly pressed on this ground is the admission of a statement from Louisignan, elicited on redirect examination, to the effect that, after delivering the package referred to in the indictment, he delivered to defendant other packages stolen from the express office. It is insisted that the refusal of the court to exclude this evidence was error, because, subject to certain exceptions not pertinent here, it is not permissible to prove other similar offenses committed by one on trial to establish the offense with which he is charged. Crinnian v. United States (6 C. C. A.) 1 F. (2d) 643. There are two reasons why the error is not available to defendant. The first is that no exception was reserved to the ruling of the court; and the second, more compelling, is that this evidence was first brought out on cross-examination by defendant's counsel, who inquired of the witness, in detail, as to the number of packages delivered to defendant and his associate.

[3, 4] Other objections urged are the admission of statements by the prosecuting witness that defendant paid for the package referred to in the indictment, which was delivered to a man whom they knew as Jim, and the refusal of the court to permit the witness Jones to say, on cross-examination, whether he had made certain statements on a former trial that were made on direct examination on this trial. The first was clearly competent as tending to show the sale and delivery of the package to defendant; and the second should have been excluded, if the statement of the court that the witness had not testified differently on a former trial is correct. Nothing to the contrary appearing in the record, that must be accepted as the ground of exclusion. But, aside from that, an exception was not taken to the ruling.

[5] Several witnesses were introduced by defendant, who offered to testify that he was engaged daily on his delivery wagon during the month of September. The purpose of this was to show that he did not receive the stolen package. Evidence of this kind of a general nature was not admitted, and rightly so, we think, because it had no probative value, as it was quite feasible for him to have operated his delivery wagon, and to have received stolen goods through his associate, as well as the one package which he received personally. In one instance, where the witness proposed to testify that defendant was at his place of business at the hour he was said by the prosecuting witnesses to have received the package delivered to him, the evidence was admitted.

[6, 7] It is said that the trial judge's action in questioning witnesses for the defendant had the effect of improperly discrediting them. The questions were evidently asked with the view of determining what basis there was for their statements to the effect that defendant was engaged on his delivery wagon when the stolen articles were said to have been delivered. These questions dis-

closed the absence of knowledge that would give to the proffered testimony any value. We think the court's action proper; but, if it was not, defendant cannot now complain because he did not save the question.

Finally, it is contended that the charge was erroneous, in that, in effect, it told the jury that the claim of an alibi was without corroboration. We do not so interpret the charge, and apparently it was not so interpreted by counsel for defendant when the case was submitted to the jury, as no objection was made to it on that account.

Judgment affirmed.