FIDELITY UNION TRUST COMPANY, &c., as substituted trustee, &c., complainant-respondent,

*v.*

MARY ESTELLE SAYRE et al., defendants-respondents; NATALIE B. DALTON, MARJORIE M. WALLWORK, DOROTHY A. HOLTHUSEN and DUDLEY O. SAYRE, JR. (substituted in place of the original appellant, DUDLEY O. SAYRE), appellants.

[Submitted May term, 1945. Decided September 27th, 1945.]

*Messrs. Hood, Lafferty & Emerson (Mr. Wallace R. Chandler, Jr., of counsel), for the complainant-respondent.*

*Messrs. Kanter & Kanter (Mr. Elias A. Kanter, of counsel), for the appellants.*

PER CURIAM.

This is an appeal from that portion of a decree of the Court of Chancery decreeing it to be to the advantage of the estate of Marcus Sayre that premises at 561 Broad Street, Newark, be sold to Charles Cameron, Jr., for the sum of $16,262, and that complainant convey same.

The complainant, as substituted trustee, filed its bill praying for a construction of the will of Marcus Sayre as to whether or not it had the power of sale of the aforesaid property, and, if so, that it be advised whether or not it should sell in accordance with the terms of the contract made with Cameron. Further, that if it should be determined no power of sale existed, whether the premises should be sold under the inherent jurisdiction of the court where an emergency has arisen not anticipated by the testator, or subject to an order of the court made pursuant to the provisions of *R. S. 3:35-1.*

In its bill complainant asserted that tax arrearages had accumulated, that there were no funds to pay such, due at least in part to the depression beginning in 1929, that the

tax liens had been sold to Cameron, that the value of the property was depreciating, that it could not carry itself, that the sale would net the estate $5,000 and that such sale was for its best interests.

The answer filed by Dudley O. Sayre, among other things, denied that the depression was the cause of insufficient income to pay taxes and the fact that there was insufficient funds to pay same. In that pleading he counter-claimed against complainant charging it with various acts of commission and omission in the administration of the trust estate to its detriment. Some of his charges were failure to sell the property at an earlier time, failure to make prompt payment of taxes, failure to collect rent arrearages from a defaulting tenant, improper payments to life tenants, payment to itself of statutory commissions before an accounting and allowance thereof by the court and payment of taxes while liens were outstanding.

An order was made, which has not been appealed from, directing that a separate hearing be had upon the counterclaim.

The administration of the trust and the conduct of the trustee were not before the court below and are not before us on this appeal.

The appellants, who were substituted as such by proper order, complain that the trustee should not have been directed to sell the premises and that they were denied cross-examination as to matters put in proof by it.

As shown by the record the sole issue being tried by the Vice-Chancellor was the advisability and propriety of selling the property under the terms of the contract, not an accounting by or a surcharge upon the trustee.

The questions sought to be propounded by counsel on cross-examination were irrelevant and immaterial to the issue before the court and were properly excluded. They pertained to the conduct of the fiduciary in its administration of the trust.

Cross-examination on matters directly in issue or directly relevant to the issue is a matter of right and its exclusion is error, *Babirecki* v. *Virgil, 97 N. J. Eq. 315; Prout* v. *Ber-*

*nards Land and Sand Co.*, *77 N. J. Law 719*, but such was not the situation before the court below and its rulings were correct. There was no abuse of discretion. The questions would be relevant, material and pertinent at the hearing on the counter-claim.

As to the question of whether the trustee had or should have had on hand sufficient funds to pay the tax liens, the fact is that he did not have the money, and as to whether it should have had, that question was also irrelevant on the issue before the court below. Again, it would be relevant and a proper point of inquiry on the counter-claim.

The evidence before the Vice-Chancellor clearly showed that the sale as ordered was advantageous to the trust. There was no error and the portions of the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 14.

*For reversal*—None.