13 N.J. Super. 18 (1951)
80 A.2d 116
FRANK KIERNAN, PLAINTIFF-RESPONDENT,
v.
RICHARD E. MAUER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1951.
Decided April 10, 1951.
*19 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. Jerome Alper argued the cause for the respondent (Messrs. Jerome Alper and Alper, attorneys).
Mr. Hubert J. Franklin argued the cause for the appellant.
The opinion of the court was delivered by BIGELOW, J.A.D.
Judgment was rendered for the plaintiff in the action which was brought to recover the balance of the agreed price for the work performed on defendant's dwelling house, including applying to the house "siding" manufactured by Bird & Son, Inc. The defendant specified *20 as a defense that the work was performed in a negligent and unworkmanlike manner.
The defendant presents as the first ground for reversal the admission of certain testimony given by plaintiff's witness, Murphy, who had inspected the house after plaintiff had finished his work. We quote from the statement of the evidence certified by the trial judge:
"Although he was not qualified as an expert because he was not a builder, he was permitted to testify to the conversations between him and the defendant concerning the manner in which the siding was applied. * * * When asked by plaintiff's counsel whether he had during this conversation expressed to the parties his opinion of the job, Murphy was permitted, over objection (based on the fact that he was not qualified as an expert and that anything he might have said in the aforementioned conversation was in no manner binding on the defendant), to testify that he had said that the siding job on the subject house was as good as any he had seen. The court stated as a basis for its ruling that notwithstanding the fact that the witness was not qualified as an expert and thereby competent to give an opinion, his statement was a part of a conversation in the presence of the parties, and that it would be allowed as such."
It is not the law that, in general, words uttered in the presence of a party, are evidential against him. On the contrary, the fact that the utterance was made is generally irrelevant and inadmissible unless it throws light on something said or done by the party to whom the words are addressed, or unless the utterance is made under such circumstances that it becomes, by adoption, an admission of the party. Wigmore on Evidence, § 2115. Under the latter heading comes the situation where a party's silence gives consent. Ollert v. Ziebell, 96 N.J.L. 210 (E. & A. 1921). "While the thing that is proved is the statement made to the party, the thing that proves it, i.e., the thing that makes it evidence, is the act of the party himself, viz., his silence." State v. MacFarland, 83 N.J.L. 474, 484 (E. & A. 1912). And see State v. Toohey, 6 N.J. Super. 97 (App. Div. 1950). But in the case before us, we are not informed what was the defendant's reaction to the salesman's assertion "that the *21 siding job on the subject house was as good as any he had seen." The evidence was not offered in an effort to prove that defendant conceded that the work was well done.
The respondent urges another theory, namely, that if part of a conversation is evidential and is presented, the witness, upon his direct examination, should or may be asked concerning all the material parts of the conversation relating to that topic. Wigmore on Evidence, § 2099. And if the opposite party is not satisfied that the conversation is accurately and fully given, he may, by cross-examination or otherwise, present to the jury the other relevant parts. Somerville & Easton R.R. ads. Doughty, 22 N.J.L. 495 (Sup. Ct. 1850); State v. Engsberg, 94 N.J.L. 464 (E. & A. 1920). But in the application of these rules, the court should not permit, by indirection, evidence to be presented that is clearly incompetent and that may mislead the jury. One party ought not be allowed to prove statements made to the opposite party that are evidential neither by themselves nor taken in connection with anything else in the case. Clearly, Murphy's opinion was incompetent whether presented directly or as a recital of what he had said to defendant. The admission of his opinion was erroneous and harmful and must lead to a reversal.
We will consider one other subject because appellant's counsel presses it so earnestly. On cross-examination of the plaintiff, counsel went into matters not even remotely connected with the present controversy. He elicited the fact that plaintiff had had some difficulty in connection with work done for a man named Coen, as a result of which he owed Coen $55. Plaintiff denied that one Hoed had paid this money to Coen at plaintiff's request. Defendant then put in evidence a copy of the record of a default judgment obtained by Hoed against plaintiff for $55. The court charged the jury to pay no attention to the transcript. The defendant contends that this instruction was error.
Neither the cross-examination nor the offer of the transcript was objected to. We assume that otherwise the evidence *22 would have been rejected. While much latitude is permitted in our courts on cross-examination, it is still the rule that cross-examination should be confined to matters which were a subject of the direct examination or which are relevant to the issues of the action, or which tend to affect the credibility of the witness. Fidelity Union Trust Co. v. Sayre, 137 N.J. Eq. 179 (E. & A. 1945); Rynar v. Lincoln Transit Co., 129 N.J.L. 525 (E. & A. 1943); Bingham v. Schindel, 92 N.J.L. 502 (E. & A. 1918). Obviously, plaintiff's dealings with Coen and Hoed were not material to the present litigation, and nothing brought out by the questions affected plaintiff's credibility as a witness. But assuming the propriety of the questions put to plaintiff, counsel could not adduce other evidence and so prove his answers false. Testimony, drawn out by cross-examination, can be contradicted only on matters germane to the issue being tried. State v. Mor, 85 N.J.L. 558 (Sup. Ct. 1914); State v. Simon, 113 N.J.L. 521, at 534 (Sup. Ct. 1934), affirmed 115 N.J.L. 207 (E. & A. 1935); Wigmore on Evidence, § 1001 to 1006. The record in the action of Hoed v. Kiernan having slipped into the proofs, was there any error, injurious to the defendant, in charging the jury to ignore it? Certainly not, for it contained nothing material to the present litigation.
For the erroneous admission of Murphy's evidence, the judgment must be reversed. Costs to abide the event.
The action was consolidated for trial with another suit between the same parties. No appeal was taken from the judgment in that cause and, of course, that judgment is not disturbed by our action on the appeal.