JOHN DOMINIK, PLAINTIFF-APPELLANT, v. VALERIA DOMINIK, DEFENDANT-RESPONDENT.

Argued May 14, 1951—Decided May 28, 1951.

*Mr. Paul C. Kemeny* argued the cause for the appellant.

PER CURIAM. This is an appeal from a judgment of the Appellate Division affirming a judgment of the Chancery Division of the Superior Court which dismissed plaintiff's complaint without prejudice and awarded a counsel fee of $250 to defendant's attorney. No brief has been filed by the respondent.

It is an action for divorce on the ground of extreme cruelty based primarily upon the defendant's alleged refusal of normal sexual relations for at most a three-week period, after which term the parties did not cohabit and later separated. Other allegations were that the defendant accused the plaintiff of being promiscuous, of refusing to prepare meals for him and of making a baseless charge against him to the police. Plaintiff contends that all of the foregoing resulted in damage to his health.

■ Plaintiff's counsel was prevented from cross-examining the defendant concerning the sexual relationship of the parties. This testimony was material to the issue, in fact went to the crux of the case, and the curtailment of the cross-examination respecting it was clear error. *Prout et al. v. Bernards Land and Sand Co.*, 77 *N. J. L.* 719 (*E. & A.* 1909); *Babirecki v. Virgil*, 97 *N. J. Eq.* 315 (*E. & A.* 1925); *Fidelity Union Trust Co. v. Sayre*, 137 *N. J. Eq.* 179 (*E. & A.* 1945).

■ We think the error committed was harmless. Assuming defendant's testimony to be in accord with that of the plaintiff, there would have been insufficient corroboration to warrant a final judgment for divorce on the ground of extreme cruelty. Acts such as complained of here for the short space of three weeks, and acquiesced in though objected to, without any effort on the part of the injured party to change the attitude or habits of the offending party and to bring about normal relationship, do not amount to extreme cruelty, especially when evidence is lacking as to any substantial damage to plaintiff's health.

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.