THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOAQUÍN SANJURJO GÓMEZ, Defendant and Appellant.

No. 15185. Argued June 18, 1952.—Decided June 20, 1952.

*Benicio Sánchez Castaño, R. Rivero Cervera,* and *César Andréu Ribas* for appellant. *Víctor Gutiérrez Franqui, Attorney General, (J. B. Fernández Badillo, Assistant Attorney General* on the brief), and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

An information was filed in the district court charging Joaquín Sanjurjo Gómez with murder in the first degree in that while he was committing robbery he killed Julio Torres Domínguez. He was tried before a jury and convicted. He has appealed from the judgment sentencing him to imprisonment for life and from the order denying his motion for a new trial.

The theory of the People was that during the early morning hours of February 7, 1948 the defendant, armed with a revolver and with a handkerchief covering part of his face, entered El Morocco, a restaurant in Santurce, and threatened a waiter therein; that he grabbed a five-dollar bill which the waiter had in his hand; that he got up on the bar and threat-

ened the cashier with the revolver; that the manager, Julio Torres Domínguez, approached the defendant and touched him, whereupon the defendant shot Torres, killing him almost instantly; that the defendant, who was still masked, ran outside and got into an automobile which had its motor running; that the automobile went down Ponce de León Avenue in the direction of San Juan. The defense was based on an alibi.

The defendant assigns four errors. The *Fiscal* of this Court in his brief discusses the second error first as he agrees that it was committed and that it requires us to reverse the judgment and remand the case for a new trial. We therefore turn to an examination of the second error, which reads as follows: "The lower court erred in unduly invading the functions of the jury, depriving the defendant of a fair and impartial trial, in commenting on the weight and in analyzing some of the evidence submitted at the trial."

The incident out of which this alleged error arose occurred as follows: Ramón M. Virella, a detective and a witness for the People, testified on direct examination that he seized at the house of the defendant on a washline a handkerchief which the defendant's mother had just washed. He took it to the police-station, showed it to the defendant and delivered it to Lieutenant Soto. On cross-examination the witness testified that he had told the defendant's mother he was looking for the handkerchief about which Sanjurjo had told him. He also said that the defendant "explained to him where the clothes were which he had worn that night." Thereafter, in response to a question by a juror, the witness testified that "I brought four of the defendant's handkerchiefs to the police-station and showed them to Sanjurjo 'which is the one you used that night?', then he himself picked out the handkerchief." According to the witness, the defendant said at this point, "this is the one I had that night."

When the witness was again being examined by the defense, the following occurred:

"Q.—Well, why did you have to see this young man after he had been in jail already for four days, why did you have to see him?

"District Attorney.—Immaterial.

"The Court.—It is material because of the following: The witness said that the defendant told him that *he had this handkerchief and that he used it that night and before that he authorized him to go to his house.* On being questioned by the judge of the facts don Benigno Ortiz, he testified that he spoke quietly and in a friendly way to the defendant, and that *the defendant Sanjurjo admitted to him that he had been in El Morocco with that handkerchief; in other words, that he was the masked man.* Any investigation made as to his conduct in relation with the defendant, and the conduct of the defendant in relation with him, is admissible.

"District Attorney.—We believe this is so, in our judgment, as it involves subsequent facts in the district jail.

"The Court.—No because you may investigate all the conduct before and after. In this crime of this nature, which is the first time I see it, all phases ought to be investigated, all the facts with the greatest liberality in order that the members of the jury may have the true facts in order so far as possible to arrive at the truth. Because if the members of the jury believe that this defendant is guilty, there is only one verdict, only one, there cannot be more than one, that is, murder in the first degree in which the only punishment is life imprisonment. There is no doubt that the witness has said that he saw the defendant with a wound on the face; *that the defendant stated to him that he used that handkerchief that night in El Morocco, so that this involves an admission on the part of the defendant of his guilt;* so that the jury aware of this has a perfect right to hear the testimony of Virella in order to give a wider opportunity both to the defendant and the People for the jury to be able to grasp with greater clarity the testimony of Virella in the witness chair, to see his gestures, his movements, to determine what is the truth, together with the testimony of El Cojo and of Miranda. . . ." (Italics ours.)

In *People* v. *Bartolomei*, 70 P.R.R. 664, we said at pp. 670–71:

"It is an established rule in most jurisdictions that the trial judge should not ask questions or make any remark which because of its scope, form, expression, or implication may convey to the jury his opinion or suggestion on the guilt of the defendant, or on the weight or sufficiency of the evidence. He should confine himself to observing in his examination of the witnesses the principles which generally govern the examination of witnesses. *People* v. *León*, 53 P.R.R. 408 (1938); *Connley* v. *United States* (C. A. 9, 1931), 46 F. 2d 53; *Gallahan* v. *United States* (C. A. 10, 1929), 35 F. 2d 633; *Cusmano* v. *United States* (C. A. 6, 1926), 13 F. 2d 451, cert. denied in 275 U. S. 773, 71 L. ed. 885; *Barron* v. *United States* (C. A. 1, 1925), 5 F. 2d 799; *People* v. *Silva* (1924), 67 Cal. App. 351, 227 Pac. 976, and Annotation 84 A.L.R. 1172.

"In the examination or cross-examination of a defendant it is also a rule that remarks made by a judge do not constitute a ground for reversal unless they are of such a nature as to tend reasonably to influence the minds of the jury against the defendant, depriving him of the right to a fair and impartial trial. *Daly* v. *United States* (C. A. 7, 1929), 33 F. 2d 443. See Annotation in 65 A.L.R. 1270 as to those that tend to or that may influence the jury against the defendant being prejudicial.

"The determination as to whether or not a remark made by the judge in the course of a trial is prejudicial to a defendant turns on the scope of the remark, of the influence it might have on the jury and its effects in regard to the defendant's opportunity to defend himself. It depends on the circumstances of each case in particular. We shall not enumerate here, then, cases in other jurisdictions which have held that remarks made by a judge have been on some occasions prejudicial and on others not prejudicial to the defendant. See to that effect the Annotations in 10 A.L.R. 1116 and those already cited in 65 A.L.R. 1270 and 84 A.L.R. 1172. In our jurisdiction the judge is called upon to sum up the evidence in trials by jury. He is not authorized to express his opinion either directly or indirectly on the facts or on the credibility of the witnesses. It is incumbent on the jury to weigh the evidence and the credit it deserves."

We agree with the *Fiscal* of this Court that the trial judge violated the rule laid down by us in the *Bartolomei* case. There is nothing whatsoever in the record to show that the defendant admitted *that he had been in El Morocco that night with the handkerchief.* In the same way there is no evidence that Sanjurjo ever admitted that *he was the masked man.* In view of the fact that the theory of the defense was an alibi, the remarks of the district judge concerned a highly material point. As there was no basis therefor in the testimony, they were extremely prejudicial to the defendant. Accordingly, the judgment cannot be permitted to stand.

It remains only to note that the defendant did not object to these remarks of the trial judge when he made them. However, this Court may consider fundamental errors in a criminal case even if no proper objection was made in the trial court. *The People* v. *Díaz*, 10 P.R.R. 441; *People* v. *Barrios*, 23 P.R.R. 772; see *People* v. *Lugo*, 69 P.R.R. 37. The comments of the district court were so prejudicial that we are satisfied the defendant did not receive the fair and impartial trial to which he was entitled. Under those circumstances, we base our decision on the second error despite the failure of counsel for the defendant to object to the statements of the district judge.

In view of the foregoing, it is unnecessary for us to examine the other errors assigned by the defendant.

The judgment of the district court will be reversed and the case remanded for a new trial.