## CRAWFORD v. UNITED STATES.
### No. 11350.

United States Court of Appeals
District of Columbia Circuit.

Sept. 4, 1952.

Rehearing Denied Oct. 3, 1952.

Mr. Foster Wood, Washington, D. C., with whom Mr. Robert I. Miller, Washington, D. C., was on the brief, for appellant.

Mr. William J. Peck, Washington, D. C., with whom Messrs. Charles M. Irelan, U. S. Atty., Joseph M. Howard and William S. McKinley, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant, to whom we will refer as the defendant, was convicted and sentenced for carnally knowing a female child, condemned by § 22–2801, D.C.Code (1940). The evidence indicates substantially the following: The child, eight years of age, lived with her mother, stepfather, referred to in the testimony and hereinafter in this opinion as the father, a baby brother, and stepgrandmother. Defendant was a friend of the family, particularly of the grandmother, and visited the home. On the night in question the child changed into her pajamas and went to sleep on a couch in the front room downstairs while waiting for an eleven o'clock television program. The father and baby brother were upstairs, apparently asleep. The mother, who worked until about eleven, had then gone to a social affair and had not come home. The grandmother also was out. The child was awakened and attacked. She got up and looked out the window to see if her mother was coming, and then went upstairs to bed. Her mother came in at about 1:30 in the morning and saw defendant asleep in the big chair in the front room where he was accustomed to sit. No man other than defendant, except the child's father, was in the house, and no suspicion attached to the father. Upon going upstairs the mother aroused the child to have her use the bathroom. Her father noticed a stain on her pajamas which the mother testified was moist blood. Under questioning by the mother the child at first insisted there was nothing wrong. When the questioning continued she cried and said it was the defendant who "did that to her, made the blood on her." [1] She was taken to a hospital that night. The doctor who examined her gave testimony indicating recent injury to her female organs.

A police officer and the grandmother were permitted to testify without objection that defendant denied any connection with the matter. The child, when called to the stand during the trial, said defendant was not the man and there was also testimony she had stated before the trial she did not know who it was.

We are asked to find reversible error in the admission of the child's statement accusing defendant, made to her mother on the night of the attack, as above set forth. No objection was interposed to this testimony when it was given by the child's mother, nor to the court's reference to it in his

---

1. The mother's testimony about this conversation included the following: " * * * I saw the blood, and I wanted to know how did it get there. * * * I asked her had she been out playing, had she been up the street playing with the little boy. She said no, but she did say she had been out playing since she had her pajamas, but she came right in and went and got some ice cream."

charge as an exception to the hearsay rule, nor was its admission included among the grounds for a new trial sought below. Whether this evidence, if initially offered by the Government and then objected to, should have been excluded as hearsay or admitted as "being of the nature of *res gestae,*" Snowden v. United States, 1893, 2 App.D.C. 89, would involve a difficult question discussed in previous decisions of this court. Snowden v. United States, supra; Brown v. United States, 1945, 80 U.S.App.D.C. 270, 152 F.2d 138; Beausoliel v. United States, 1939, 71 App.D.C. 111, 107 F.2d 292; Grant v. United States, 1906, 28 App.D.C. 169. We do not have that question; for not only was the statement received without objection but defendant's own counsel first went into the contents of the child's pre-trial statements regarding the identity of the man. He did this by asking the mother on cross-examination if she had not signed and sworn to a statement that the child had told her that the defendant had nothing to do with her. While the substance of this question was repeated to the mother by the court before she answered, counsel for the defendant sought her answer, which was that the child said she did not know exactly, "she's all confused," "She said she isn't too sure who did it." It was then that the mother testified, without objection and in answer to a question by the court, that the child told her on the night of the crime that it was defendant. It appears from other testimony that the child said at different times she was not sure, that it was dark in the room and she could not tell who it was, and in her own testimony she said she did not know the man who did it, that his voice was not defendant's, and that after telling her mother defendant was the man she later decided she did not know and told her mother she was not sure. There was no objection to any of this.

We think in the above circumstances admission of the statement made to the mother on the night of the attack does not require reversal, even if, absent those circumstances, its reception might have been prejudicial error, a question we leave undecided. The statement was admissible to rebut or, as Wigmore terms it, 1 Wigmore, Evidence § 15, pp. 304 et seq. (3d ed. 1940), to cure the effect of the previous testimony favorable to defendant that she had stated she did not know who it was. Though such favorable testimony was hearsay and should have been excluded had the Government objected, it was relevant and material. It was before the jury at defendant's own instance and had probative force.[2] It could be met by other relevant and material evidence which, if standing alone and except for the admission of the prior testimony, would be incompetent. Commonwealth v. Wakelin, 1918, 230 Mass. 567, 120 N.E. 209, 213; McBoyle v. United States, 10 Cir., 1930, 43 F.2d 273, 275, reversed on other grounds, 1931, 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816. This is particularly true where no objection to the rebutting evidence is made. Smith v. United States, 9 Cir., 1949, 173 F.2d 181, 185–186; Cusmano v. United States, 6 Cir., 1926, 13 F.2d 451, certiorari dismissed, 273 U.S. 773, 47 S.Ct. 113, 71 L.Ed. 885; State v. Segar, 1921, 96 Conn. 428, 114 A. 389, 394; State v. Engsberg, 1920, 94 N.J.L. 464, 110 A. 918, 919. The defense having opened the door it was not closed to the prosecution. Garrison v. State, 1931, 163 Tenn. 108, 40 S.W.2d 1009, 1013. See, also, Carver v. United States, 1897, 164 U.S. 694, 696, 17 S.Ct. 228, 41 L.Ed. 602; Brink v. United States, 6 Cir., 1932, 60 F.2d 231, certiorari denied, 287 U.S. 667, 53 S.Ct. 291, 77 L.Ed. 575; United States v. Regents of New Mexico School of Mines, 10 Cir., 1950, 185 F.2d 389, 391; Commonwealth v. Russ, 1919, 232 Mass. 58, 122 N.E. 176, 185. Other cases rest the reception of

2. " * * * of the fact that it was hearsay, it suffices to observe that when evidence of that character is admitted without objection it is to be considered and given its natural probative effect as if it were in law admissible." Diaz v. United States, 1912, 223 U.S. 442, 450, 32 S.Ct. 250, 252, 56 L.Ed. 500. See, also, 1 Wigmore, Evidence § 18 (3d ed. 1940); George v. United States, 1942, 75 U.S. App.D.C. 197, 125 F.2d 559; Fuller v. United States, 1923, 53 App.D.C. 88, 288 F. 442.

such curative evidence which otherwise might be inadmissible upon the necessity of removing prejudice in the interest of fairness. Meyers v. United States, 9 Cir., 1945, 147 F.2d 663, 667; Gin Bock Sing v. United States, 9 Cir., 1925, 8 F.2d 976, 978. See, also, Crawford v. United States, 1909, 212 U.S. 183, 199, 29 S.Ct. 260, 53 L.Ed. 465. Since the evidence was neither irrelevant nor immaterial such cases as Stringer v. Young's Lessee, 1830, 3 Pet. 320, 337, 28 U.S. 320, 337, 7 L.Ed. 693; Philadelphia & Trenton Railroad Co. v. Stimpson, 1840, 14 Pet. 448, 461, 39 U.S. 448, 461, 10 L.Ed. 535; and Howgate v. United States, 1895, 7 App. D.C. 217, appear inapposite.

■■■ While this court should not affirm a conviction merely because prejudicial error is pointed out for the first time on the appeal, see Rule 52(b), Fed.Rules Crim.Proc., 18 U.S.C.A.; McAffee v. United States, 1939, 70 App.D.C. 142, 151, 105 F.2d 21, 30, in determining whether prejudice has occurred when error is thus tardily asserted a judgment is to be exercised which does not turn in each instance upon treatment of the alleged error in isolation from other circumstances. Mumforde v. United States, 1942, 76 U.S.App.D.C. 107, 110, 130 F.2d 411, 414, certiorari denied 317 U.S. 656, 63 S.Ct. 53, 87 L.Ed. 527. For this reason we add to what has already been said that we are not justified in repudiating the course adopted at the trial by the defense. In bringing out through the mother the child's statements of uncertainty as to the identity of her assailant the defense confidently sought to create a reasonable doubt as to defendant's guilt. This led to the testimony of the mother as to the child's still earlier statement identifying defendant. He may not complain because in the end the jury believed that the latter reflected the truth.

Our conclusion also finds support in Harris v. United States, 1920, 50 App.D.C. 139, 269 F. 481. The crime there was similar. The child testified to details of improper advances by the accused, including the particular occurrence for which he was on trial. The remaining relevant facts appear from the following portion of the opinion:

"In the present case the child was permitted, without objection, to testify in detail as to disclosures made to the policewoman. The testimony of the mother, as to the same disclosures subsequently made to her, cannot be said to have prejudiced the accused. The time to have objected was when the child testified as to those details. Having permitted the child to testify without objection, and thus obtained the privilege of cross-examination, appellant is in no position to seek a reversal of the judgment merely because another witness subsequently testified to similar disclosures.

"There were other facts and circumstances tending to prove the guilt of appellant, and, being convinced that he has had a fair trial and suffered no prejudice, we affirm the judgment." 50 App.D.C. at page 140, 269 F. at page 482.

In the case at bar both mother and child were permitted without objection to testify to details disclosed by the child to her mother. While the more explicit ruling in the Harris case is that it was harmless to admit in evidence disclosures to the mother which added nothing to those made to the policewoman which had been admitted without objection, the court actually held also that the child's testimony of details given to the policewoman was not prejudicial, though if objection had been made and the privilege of cross-examination had not accrued it appears the court might well have held otherwise. By similar reasoning it would seem that where, as here, defendant made full use of the child's statements casting doubt upon his identity as the assailant, and indeed where he initiated the inquiry into such statements, the interests of justice do not require reversal because of the admission, without objection, of other statements by the child on the same subject. We add, because each such case must be judged on its own facts, "There were other facts

and circumstances tending to prove the guilt of appellant," and he was not deprived of a fair trial. Harris v. United States, supra.[3]

■ Defendant also contends it was error to permit the child to testify over objection that defendant had abused her similarly on previous occasions. Evidence of such prior acts involving the same persons is admissible in prosecutions for sexual offenses. Hodge v. United States, 1942, 75 U.S.App.D.C. 332, 126 F.2d 849; Weaver v. United States, 1924, 55 App.D.C. 26, 299 F. 893; see, also, Bracey v. United States, 1944, 79 U.S.App.D.C. 23, 142 F.2d 85, certiorari denied 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589. This exception to the general rule excluding evidence of a crime for which a defendant is not on trial is qualified. Kidwell v. United States, 1912, 38 App.D.C. 566, 574. The qualification is that there must be independent evidence which points to the defendant as having committed the offense charged. As we have seen, this requirement is met in this case.

■ We have carefully considered whether or not the evidence was sufficient to go to the jury within the rules laid down in Curley v. United States, 1947, 81 U.S. App.D.C. 389, 160 F.2d 229, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, rehearing denied, 331 U.S. 869, 67 S. Ct. 1729, 91 L.Ed. 1872; and Hinton v. United States, 1952, 91 U.S.App.D.C. ——, 196 F. 2d 605. The testimony regarding the child's statement to the mother identifying defendant is treated as other evidence properly before the jury, subject to the court's instructions to scrutinize it with care. See n. 3, supra. Its competency having been established under the principles we have discussed, it was not to be considered only on the question of credibility as a prior inconsistent statement. See n. 2, supra. This

evidence, with the other facts and circumstances which have been outlined, made the question of guilt a proper one for the jury. Affirmed.

---

3. We note in this connection the careful charge to the jury. It included all instructions requested by defendant and warned that "there must be circumstances in the proof which tend to support the girl's story * * *. * * * * the testimony of a girl of tender years must be received with caution and must be considered and weighed very carefully, * * * What you have got to decide is whether or not what she told her mother," that it was the defendant, "is true or whether or not the story that she told and she now tells is true," that "it was so dark she did not know who it was. You cannot guess this man guilty. You cannot suspect that, because she made that statement, it follows he is guilty. You must be satisfied in your own minds beyond a reasonable doubt that he is the one who committed the crime upon her."