Clarence T. ROSS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14669.

United States Court of Appeals
District of Columbia Circuit.

Argued April 14, 1959.

Decided May 14, 1959.

Fahy, Circuit Judge, dissented.

Mr. Edward J. Skeens, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

In the course of an altercation appellant Ross struck one Ancrum with a blunt object. Several days later Ancrum died of a cerebral hemorrhage caused by the blow. Appellant was indicted for second-degree murder [1] and was found guilty of manslaughter. We have examined the various contentions of appellant and find no error.

Affirmed.

FAHY, Circuit Judge (dissenting).

On March 2, 1958, the day after the altercation, Ancrum was examined by a doctor who was called as a witness by the United States. He testified there were then no depressions in Ancrum's skull and that if there had been any he would have discovered them. The evidence shows that appellant was then being held on a charge of assault with a dangerous weapon. Later, March 12, 1958, Ancrum was again examined and soon thereafter died. At this second examination a different doctor found a depressed fracture of the skull—"the bone had been driven in out of its normal alignment." The situation thus outlined gave appellant the right, as the trial court recognized, to defend on the ground that Ancrum's death was caused by an injury he suffered subsequently to the March 1 injuries attributed to appellant.

Weakening the defense of an intervening cause was the evidence that appellant had been charged with assault with a dangerous weapon due to the altercation of March 1. Appellant accordingly sought to prove that the charge had been dropped prior to March 12. The court would not permit this to be done. I think this was error. Assuming that evidence of the charge was irrelevant, yet, having been admitted, offsetting evidence was admissible to cure the serious prejudice rendered to appellant's claim of an intervening cause of death. See discussion of the general problem in 1 Wigmore, Evidence § 15, pp. 304–09 (3d ed. 1940), particularly p. 309. Cf. Crawford v. United States, 91 U.S.App.D.C. 234, 198 F.2d 976.

1. D.C.Code § 22–2403 (1951).